UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY GONZALEZ,

    Plaintiff,

v.                                                 Case No. 8:16-cv-3247-T-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff alleges she became disabled on July 1, 2013. (Tr. 28, 64-65.) Plaintiff's claims were denied initially and on reconsideration. A hearing was held before the assigned Administrative Law Judge ("ALJ") on June 4, 2015, at which Plaintiff was represented by an attorney. (Tr. 47-78.) The ALJ found Plaintiff not disabled from July 1, 2013 through September 24, 2015, the date of the decision.[2] (Tr. 28-40.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from July 1, 2013 through September 24, 2015. Plaintiff has exhausted

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 14, 17.)

[2] Plaintiff had to establish disability on or before December 31, 2017, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 24.)

her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I.     Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to

determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises four general issues on appeal. Plaintiff argues that the ALJ failed to properly consider the post-hearing consultative psychological exam of Dr. Angel Martinez. Plaintiff also argues that the ALJ failed to properly consider the opinions of her treating physician, Dr. Joshi, particularly failing to provide good cause supported by substantial evidence for disregarding the opinions. Plaintiff further argues that the ALJ failed to properly consider her subjective complaints of pain. Finally, Plaintiff contends that new and material evidence submitted to the Appeals Council warrants remand. Defendant responds that substantial evidence supports the ALJ's decision and his assessment of the record medical opinions. Defendant also asserts that the Appeals Council properly declined to consider the additional evidence submitted by Plaintiff.

### A. Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440.

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, *see Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. § 404.1527(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted." *Cooper v. Astrue*, Case No.: 8:06-cv-1863-T-27TGW, 2008 WL 649244 at *3 (M.D. Fla. Mar. 10, 2008). Further, "the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, Case No.: 06-15638, 2007 WL 708971 at *2 (11th Cir. Mar. 9, 2007) (per curiam); *see also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. May 2, 2008) (per curiam); s*ee also* SSR 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources). While the ALJ is not bound by the findings of non-examining physicians, the ALJ may not ignore these opinions and must explain the weight given to them in his decision. SSR 96-6p.

> **B.** **The ALJ's Decision**

The ALJ found that Plaintiff had severe impairments, including "fibromyalgia, claimed as osteoarthritis and lupus and variously assessed as chronic fatigue syndrome (CFS), lumbago, cervicalgia, osteoarthritis and myositis; sinusitis; and major depressive disorder." (Tr. 31.) The ALJ then found that the Plaintiff "[did] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 31.)

At step four, the ALJ found that Plaintiff retained the following Residual Functional Capacity ("RFC"):

> [T]o perform light work as defined in 20 CFR 404.1567(b) such that she is able to lift up to 20 pounds occasionally, lift and carry up to 10 pounds frequently, stand and/or walk and/or sit each for a

> total of about six hours, in an eight-hour workday with normal breaks; but she should avoid climbing ropes, scaffolds, and ladders of five steps or more; she can frequently climb ramps, stairs, and lesser ladders, frequently balance, stoop, and crouch, and no more than occasionally kneel or crawl. She is able to reach bilaterally frequently, and frequently perform gross and/or fine manipulations . . . Claimant is able to understand, remember, and carryout simple, routine, repetitive tasks performed in a work environment that is free of fast-paced production requirements and involves no more than simple work-related decisions or routine workplace changes and no more than occasional or superficial interaction with the general public.

(Tr. 32.) In making this finding, the ALJ accorded "significant weight" to the opinions of consulting physician Bhupendra Kumar Gupta, M.D., but accorded "no weight" to the medical opinions of treating physician Vipul Joshi, M.D. (Tr. 37.)

The ALJ further determined that Plaintiff was unable to perform any past relevant work, but that she could perform other jobs that exist in significant numbers in the national economy, such as Advertising Material Distributor, Dining Room Attendant, and Sales Attendant. (Tr. 38-39.)

### C. Analysis

Plaintiff argues that the ALJ erred by failing to properly consider the medical opinions of Dr. Joshi. Specifically, Plaintiff contends that the ALJ failed to provide "good cause" supported by substantial evidence for rejecting Dr. Joshi's opinions. The undersigned agrees.

Dr. Joshi, a rheumatologist, treated Plaintiff from March 15, 2012 to

6

January 6, 2014. (Tr. 593-685, 870-82, 945-1017.) On April 13, 2012, Dr. Joshi completed Plaintiff's request for family medical leave from her position at Progressive, in which he stated that Plaintiff "may require adaptation to work duties or absence from work during exacerbation of her condition." (Tr. 503-509.) Dr. Joshi diagnosed Plaintiff with unspecified connective tissue disorder and fibromyalgia at that time. (*Id.*) On August 26, 2013, Dr. Joshi completed an Attending Physician Statement, again diagnosing Plaintiff with unspecified connective tissue disorder and fibromyalgia, noting worsening pain, and opining that Plaintiff was unable to work. (Tr. 872-873.) Although Dr. Joshi "note[d] a positive ANA and fibromyalgia in particular," the ALJ accorded those medical opinions "no weight." (Tr. 37.) Instead, the ALJ reasoned that the record evidence "does not document positive trigger points as noted by Dr. Gupta and laboratory studies have shown normal ANA studies." (*Id.*)

As an initial matter, the ALJ's singular-sentence statement discounting Dr. Joshi's opinions fails to reference supporting record evidence. In fact, the ALJ's statement is vague, conclusory, and somewhat confusing thereby frustrating judicial review by this Court. *See Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (holding that the ALJ is required to state specifically the weight accorded to each item of evidence and to explain why he reached that decision). It is unclear what the ALJ meant by the phrase, "[t]he record [] evidence does not document positive trigger points as noted by Dr. Gupta."

7

(Tr. 37.)  Without further explanation, the Court cannot find the reason to be supported by substantial evidence.  *Cf. Beard v. Colvin*, No. 3:14-cv-18-J-JRK, 2015 WL 1138447, at *6 (M.D. Fla. Mar. 13, 2015) (stating that the ALJ's failure to explain how the treating physician's opinion "is inconsistent with the 'overall evidence' . . . frustrates judicial review and precludes a finding that the ALJ's treatment of [the treating physician's] opinion is supported by substantial evidence").

For example, if the ALJ meant that no evidence of "trigger points" (as opposed to "tender points") exists in the record, then the reason would not be supported by substantial evidence because the record is replete with findings of multiple "tender points" upon examination by Dr. Joshi from 2012 to 2014.[3] (*See* Tr. 596-597 (finding bilateral tender points on the trapezius, scapula, second rib, elbow, gluteal, and trochanter), 948 (same), 954 (same), 960 (same), 966 (same), 973 (same), 986-987 (same); *see also* Tr. 975-976 (diagnosing Plaintiff with fibromyalgia and unspecified connective tissue disorder), 983 (same), 990 (same).)  Moreover, to the extent the ALJ meant that the overall record evidence contradicts Dr. Joshi's opinions, he only referenced the findings of Dr. Gupta, a one-time examining physician, whose

---

[3] Regardless of the particular semantics employed by the ALJ, courts "have focused on whether a patient exhibits 'tender points' in evaluating claims of fibromyalgia."  *See, e.g., Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013) (citations omitted).

findings are generally accorded less weight than the findings of a treating physician. It was improper for the ALJ to accept Dr. Gupta's findings over Dr. Joshi's findings. *See, e.g., Murberg v. Astrue*, No. 8:08-cv-936-T-17JRK, 2009 WL 2602454, at *20 (M.D. Fla. Aug. 25, 2009) (citing *Lewis*, 125 F.3d at 1440) ("The contrary opinion of a nontreating physician does not in and of itself establish good cause to discount a treating physician's opinion.").

Further, the ALJ failed to explain why the ANA studies are important in determining Plaintiff's work-related restrictions, or why conflicting ANA studies even exist in the record.[4] Indeed, the ALJ states that "laboratory studies have shown normal ANA studies" (Tr. 37), yet he failed to even cite those studies supporting his statement. An explanation in this regard is important because courts have cautioned the Social Security Administration that "the nature of fibromyalgia itself renders over-emphasis upon objective findings inappropriate." *Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 65 (11th Cir. 2010). The ALJ appears to play doctor by validating other *unspecified* ANA studies without explanation and by invalidating the ANA studies referenced by Dr. Joshi. If the ANA studies were important in assessing Plaintiff's RFC, then the ALJ should have resolved any inconsistencies contained within the record and should have explained which ANA studies were considered valid and why.

---

[4] Interestingly, the ALJ apparently disbelieves that Plaintiff has fibromyalgia although he found it to be a severe impairment.

9

*See Gayler v. Astrue*, No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050, at *6 (M.D. Fla. Sept. 18, 2008) (reversing and remanding ALJ's decision to discount a treating physician's opinion when "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence"); *see also Blanton v. Comm'r of Soc. Sec.*, No. 8:12-cv-940-T-30TBM, 2013 WL 5437063, at *8 (M.D. Fla. Sept. 27, 2013) (citing *Somogy*, 366 F. App'x. at 65) (stating that "[w]hile the lack of clinical support might otherwise be an acceptable reason for discounting a treating physician's opinion, under certain circumstances, it is improper to do so in cases involving fibromyalgia"). It is clear that an ALJ cannot play doctor by "arbitrarily substitut[ing] his own hunch or intuition for the diagnosis of a medical professional." *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).

In light of the ALJ's errors, it is impossible to ascertain whether the ALJ's ultimate determination on disability is supported by substantial evidence and a remand for further consideration is warranted. This issue is dispositive and, therefore, it is unnecessary for the Court to address Defendant's remaining arguments. *See, e.g., Alexander v. Comm'r of Soc. Sec.*, No. 8:13-cv-1602-T-GJK, 2014 WL 4211311, at *3 n.3 (M.D. Fla. Aug. 26, 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record)). However, the ALJ will be directed

to reconsider the other record medical opinions on remand.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the record medical opinions, explain what weight they are being accorded, and the reasons therefor; (b) reconsider Plaintiff's RFC, if necessary; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on March 5, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record